IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRANDON MCDANIELS,** | : | CIVIL ACTION NO. 1:22-CV-1816 |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **C/O STARKS,** *et al.*, | : | |
| Defendants | : | |

### MEMORANDUM

This is a prisoner civil rights case filed pursuant to 42 U.S.C. § 1983. Plaintiff, Brandon McDaniels, alleges that his civil rights were violated when correctional officers in the Dallas State Correctional Institution ("SCI-Dallas") pepper sprayed him, initiated false misconduct charges against him, and assaulted him. We have screened the complaint pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A and conclude that it fails to state a claim upon which relief may be granted as to all defendants other than defendant Starks. McDaniels's claims against defendants SCI-Dallas and the Pennsylvania Department of Corrections ("DOC") will be dismissed with prejudice and his claims against defendant Rasheed will be dismissed without prejudice. McDaniels will be granted leave to file an amended complaint.

**I.     Factual Background & Procedural History**

McDaniels, who has been incarcerated in SCI-Dallas at all relevant times, filed the complaint that initiated this case on November 27, 2022. (Doc. 1). McDaniels, who suffers from "mental illness," alleges that on April 4, 2022, he asked

defendant Starks to call for mental health assistance for him. (Doc. 1 at 1). Starks did not call for mental health assistance and allegedly pepper sprayed McDaniels. (Id.) McDaniels was then allegedly assaulted by Starks and another correctional officer. (Id.) After the assault, an unspecified correctional officer allegedly authored a false disciplinary charge against McDaniels. (Id.) An unnamed disciplinary hearing officer found McDaniels guilty of the misconduct charge "without doing proper investigation." (Id.)

The complaint further alleges that "in the future" McDaniels was taken to a basement in the prison for an "RHU hearing," where he was assaulted by "a guard." (Id. at 2). McDaniels was allegedly assaulted and "sexual[ly] abused" while he was in the basement. (Id.) He was also allegedly placed in a cell with no mattress or running water on an unspecified date and correctional officers "refuse[d] to give [him] trays." (Id.) The complaint names as defendants Starks, another correctional officer named Rasheed, SCI-Dallas, and the DOC. (Id. at 3). The complaint does not allege how Rasheed was personally involved in the facts of the case.

## II.  Legal Standard

The Prison Litigation Reform Act authorizes a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity. See 28 U.S.C. §

1915(e)(2);[1] 28 U.S.C. § 1915A.[2]  The court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

### III.   Discussion

McDaniels brings his claims under 42 U.S.C. § 1983.  Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. 42 U.S.C. § 1983.  The statute is not a source of substantive rights, but serves as a mechanism for vindicating rights otherwise protected by federal law.  See Gonzaga

---

[1] 28 U.S.C. § 1915(e)(2) provides:

**(2)** Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
   **(A)** the allegation of poverty is untrue; or
   **(B)** the action or appeal—
      **(i)** is frivolous or malicious;
      **(ii)** fails to state a claim on which relief may be granted; or
      **(iii)** seeks monetary relief against a defendant who is immune from such relief.

[2] 28 U.S.C. § 1915A provides:

**(a) Screening.**--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
**(b) Grounds for dismissal.**--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
   **(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
   **(2)** seeks monetary relief from a defendant who is immune from such relief.

3

Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996).  To state a Section 1983 claim, plaintiffs must show a deprivation of a "right secured by the Constitution and the laws of the United States . . . by a person acting under color of state law."  Kneipp, 95 F.3d at 1204 (quoting Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).

      Having reviewed McDaniels's complaint, we will dismiss it in part for failure to state a claim upon which relief may be granted.  We find that the complaint adequately pleads an excessive force claim against defendant Starks arising from the alleged pepper spraying incident but otherwise fails to state a claim upon which relief may be granted because it fails to allege which defendants were personally responsible for any of the other alleged violations of McDaniels's rights.  See Jutrowski v. Twp. of Riverdale, 904 F.3d 280, 289 (3d Cir. 2018) (noting that a defendant cannot be liable for a violation of a plaintiff's civil rights unless the defendant was personally involved in the violation).  The complaint additionally lacks any factual detail with respect to McDaniels's claims arising from the disciplinary hearing, the alleged assault in the basement, and the allegations regarding the conditions of confinement.  For example, the complaint does not allege what investigation should have been conducted in connection with the disciplinary hearing, the date on which the alleged assault occurred, the injuries McDaniels suffered as a result of the alleged assault, or how long he was subjected to the allegedly adverse conditions of confinement.  Absent such allegations, we find that the complaint fails to state a claim upon which relief may be granted.

Finally, McDaniels's claims against SCI-Dallas and the DOC will be dismissed with prejudice because neither is a proper defendant under Section 1983. Curtis v. Everette, 489 F.2d 516, 521 (3d Cir. 1973); see also, e.g., Pettaway v. SCI Albion, 487 F. App'x 766 (3d Cir. 2012) (nonprecedential).[3]

Before dismissing a civil rights complaint for failure to state a claim upon which relief may be granted, a district court must permit a curative amendment unless the amendment would be inequitable or futile. Phillips v. Allegheny Cty., 515 F.3d 224, 245 (3d Cir. 2008). We will grant McDaniels leave to amend with respect to his claims against defendants Starks and Rasheed but deny leave to amend with respect to his claims against SCI-Dallas and the DOC because those claims fail as a matter of law. If McDaniels does not amend his complaint, the case shall proceed as to his excessive force claim against Starks only.

### IV. Conclusion

We will dismiss the complaint in part and grant McDaniels leave to file an amended complaint. An appropriate order follows.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:   December 13, 2022

---

[3] The court acknowledges that nonprecedential decisions are not binding upon federal district courts. Citations to nonprecedential decisions reflect that the court has carefully considered and is persuaded by the panel's *ratio decidendi*.