IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRANDON MCDANIELS,** | : | CIVIL ACTION NO. 1:22-CV-1816 |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **C/O STARK,** *et al.*, | : | |
| Defendants | : | |

## MEMORANDUM

This is a prisoner civil rights case filed pursuant to 42 U.S.C. § 1983. Plaintiff, Brandon McDaniels, alleges that defendant prison officials violated his civil rights by physically and sexually assaulting him in multiple incidents in April 2022. Defendants have moved for summary judgment on all claims other than McDaniels's sexual assault claim. The motion will be granted.

**I.     Procedural History**

McDaniels was incarcerated in Dallas State Correctional Institution ("SCI-Dallas") at all relevant times. He filed his original complaint on November 2, 2022. (Doc. 1). On December 13, 2022, the court dismissed the complaint without prejudice except to the extent that it asserted an excessive force claim against defendant Stark[1] and granted McDaniels leave to file an amended complaint. (Docs. 9-10). McDaniels did so on January 11, 2023. (Doc. 11). The amended

---

[1] Previous court documents have identified this defendant as "Starks." Because all parties appear to agree that the subject correctional officer's name is "Stark," the court will refer to him by that name.

complaint alleges generally that defendants physically assaulted McDaniels on April 4, 2022, and April 7, 2022, and sexually assaulted him on April 6, 2022.[2] (Id.)

On January 13, 2023, the court dismissed the amended complaint to the extent that it asserted claims against defendants Wetzel, Ransom, Letmski, Fenner, Fiske, Berlew, Gavlick, Contreras, Bohinski, Hogan, Eyer, Goyne, Inniss, DePiero, Sulim, Mangan, Ashton, McCallum, "Prison Security," Edwards, Jeddic, Diltz, McKeown, Klick, Garcia, Conrad, Sherrill, Tilletski, and Clap, but allowed the case to proceed with respect to plaintiff's claims against Stark, Rasheed, Shistle, Wilson, Moskalis, O'Boyle, Austin, and Harrison. (Doc. 13). Defendants answered the amended complaint on March 10, 2023. (Doc. 22).

Following the close of fact discovery, defendants filed the instant motion for partial summary judgment on December 28, 2023. (Doc. 37). McDaniels did not respond to the motion. On May 21, 2024, the court issued an order in which it noted that disposition of the motion for summary judgment may require resolution of factual disputes as to whether McDaniels exhausted administrative remedies. (Doc. 41). The court accordingly announced its intention to act as the finder of fact on the issue of exhaustion and directed McDaniels to respond to the motion for summary judgment and produce all documents relevant to exhaustion that had not already been produced to the court no later than June 11, 2024. (Id.) McDaniels again failed to respond.

---

[2] The amended complaint also advanced claims based on alleged verbal harassment and the denial of a single meal. (See id.) Those claims were dismissed on January 13, 2023. (Doc. 13).

2

**II.     Factual Background**[3]

McDaniels filed three grievances during the period relevant to this case—April 2022 and May 2022. (Doc. 38 ¶ 14). McDaniels did not allege physical abuse or excessive force on the relevant dates of April 4, 2022, April 6, 2022, or April 7, 2022, in any of these grievances. (Id. ¶ 15).[4]

McDaniels testified during his deposition that prison officials did not provide him forms to file grievances during the relevant period. (Doc. 39-2 at 16-18). McDaniels acknowledged that he filed a grievance about the purported denial of meals around this time but testified that he received the grievance form from another inmate. (Id. at 16). McDaniels asked that inmate as well as other inmates for additional grievance forms, but they advised him that they did not have any more. (Id. at 17). McDaniels further testified that he was able to obtain grievance forms after being temporarily transferred to the prison's infirmary on April 9, 2022. (Id.) McDaniels asserted that a lieutenant in the prison told medical staff to deny

---

[3] Local Rule 56.1 requires that a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 be supported "by a separate, short, and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried." M.D. Pa. L.R. 56.1. A party opposing a motion for summary judgment must file a separate statement of material facts, responding to the numbered paragraphs set forth in the moving party's statement and identifying genuine issues to be tried. Id. Because McDaniels has not responded to defendants' statement of material facts as required by Local Rule 56.1, all facts set forth in the defendants' statement are deemed admitted. Id. Unless otherwise noted, the facts in this section are incorporated from the defendants' statement. (Doc. 38).

[4] One of the grievances alleges that an unnamed correctional officer pepper sprayed McDaniels on April 11, 2022. (Doc. 39-5 at 3). The pepper spray incident is not at issue in this case.

3

him grievance forms but did not give this instruction to staff members on the third shift in the infirmary. (Id. at 18). After McDaniels "stay[ed] up all night until third shift," he obtained "request slips, grievances, and stuff of that nature." (Id.) Using these forms, McDaniels filed a grievance about a purported denial of meals and a second grievance on an unrecalled topic. (Id.)

### III. Legal Standard

Through summary adjudication, the court may dispose of those claims that do not present a "genuine dispute as to any material fact" and for which a jury trial would be an empty and unnecessary formality. FED. R. CIV. P. 56(a). The burden of proof tasks the non-moving party to come forth with "affirmative evidence, beyond the allegations of the pleadings," in support of its right to relief. Pappas v. City of Lebanon, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The court is to view the evidence "in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor." Thomas v. Cumberland County, 749 F.3d 217, 222 (3d Cir. 2014). This evidence must be adequate, as a matter of law, to sustain a judgment in favor of the non-moving party on the claims. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-57 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-89 (1986). Only if this threshold is met may the cause of action proceed. See Pappas, 331 F. Supp. 2d at 315.

McDaniels brings his federal constitutional claims under 42 U.S.C. § 1983. Section 1983 creates a cause of action to redress constitutional wrongs committed by state officials. 42 U.S.C. § 1983. The statute is not a source of substantive rights,

4

but serves as a mechanism for vindicating rights otherwise protected by federal law. See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a Section 1983 claim, plaintiffs must show a deprivation of a "right secured by the Constitution and the laws of the United States . . . by a person acting under color of state law." Kneipp, 95 F.3d at 1204 (quoting Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).

## IV. Discussion

Under the Prison Litigation Reform Act ("PLRA"), prisoners complaining about the conditions of their confinement must exhaust available administrative remedies before they may file suit in federal court. 42 U.S.C. § 1997e(a). The PLRA requires proper exhaustion, meaning plaintiffs must administratively grieve their claims in accordance with the procedural rules of the prison in which they are incarcerated. Downey v. Pa. Dep't of Corr., 968 F.3d 299, 305 (3d Cir. 2020) (citing Woodford v. Ngo, 548 U.S. 81, 88 (2006)). Failure to exhaust administrative remedies is an affirmative defense that defendants must plead and prove; it is not a pleading requirement for plaintiffs. Jones v. Bock, 549 U.S. 199, 216 (2007).

A prisoner is only required to exhaust administrative remedies that are "available." Rinaldi v. United States, 904 F.3d 257, 268 (2018) (citing Woodford, 548 U.S. at 93). An administrative remedy is unavailable, and administrative exhaustion is thus excused, in three situations: "(1) when 'it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates'; (2) when it is 'so opaque that it becomes, practically speaking, incapable of use,' such as when no ordinary prisoner can discern or navigate it; or (3) when

'prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation.'" Id. at 266-67 (quoting Ross v. Blake, 578 U.S. 632, 643-44 (2016)). If defendants establish failure to exhaust administrative remedies, the burden shifts to the plaintiff to show that the administrative remedy process was unavailable. Id. at 268.

Exhaustion of administrative remedies in the DOC is governed by the three-step process outlined in the DOC's grievance policy, DC-ADM 804. (See Doc. 39-3).[5] Under DC-ADM 804, a prisoner must first submit a written grievance within fifteen days from the date of the incident. Id. § 1(A)(8). DC-ADM 804 provides that the grievance must include "a statement of the facts relevant to the claim," "identify individuals directly involved in the events," and "specifically state any claims [the inmate] wishes to make concerning violations of Department directives, regulations, court orders, or other law." Id. § 1(A)(11). Next, the prisoner must submit a written appeal to an intermediate review level within fifteen working days. Id. § 2(A)(1)(a). Finally, the inmate must submit an appeal to the Secretary's Office of Inmate Grievances and Appeals ("SOIGA") within fifteen working days. Id. § 2(B)(1)(b).

Record evidence establishes that McDaniels failed to exhaust administrative remedies. (See Docs. 39-4, 39-5, 39-6, 39-7). None of the three grievances he filed during the relevant period allege physical abuse or excessive force by defendants, and McDaniels has not produced any evidence to rebut this conclusion. (See id.)

---

[5] Doc. 39-3 is a copy of DC-ADM 804, which is attached as Exhibit C to defendants' motion for summary judgment.

The burden shifts to McDaniels to show that the grievance process was unavailable to him.  Rinaldi, 904 F.3d at 268.  McDaniels has not offered any evidence or argument to establish unavailability at the summary judgment stage, but he testified during his deposition that prison officials did not provide him grievances during the relevant period.  (Doc. 39-2 at 16-18).  We liberally construe this as an argument that administrative remedies were unavailable to him.

We find that there is no genuine dispute of material fact on this issue.  The record establishes that the grievance process was available to McDaniels.  Viewing the evidence in the light most favorable to McDaniels, prison officials ostensibly denied McDaniels grievance forms when he was housed in the restricted housing unit shortly after the alleged assaults by defendants.  (See id.)  McDaniels testified, however, that he obtained grievance forms during his brief time in the prison's infirmary beginning on April 9, 2022, and that he used these forms to file multiple grievances.  (Id. at 18).  Thus, even accepting as true the contention that prison officials denied McDaniels grievance forms in the RHU, this did not render the grievance process unavailable to him: McDaniels was able to access and use the grievance process beginning on April 9, 2022, which was five days after the first alleged incident of excessive force and two days after the second alleged incident.  Hence, because defendants have established that McDaniels failed to exhaust administrative remedies and record evidence shows that the grievance process was available to him, we will grant defendants' motion for summary judgment on the

excessive force claims. The case will proceed solely as to McDaniels's sexual assault claim against defendants Shistle and Wilson.[6]

## V. Conclusion

We will grant defendants' motion for partial summary judgment on plaintiff's excessive force claims. The case will proceed solely as to plaintiff's sexual assault claim against defendants Shistle and Wilson. The parties will be directed to file a joint status report indicating whether they to wish to proceed with mediation. If mediation does not resolve the case, a trial on the merits will be scheduled. Additionally, the court will conditionally appoint counsel for plaintiff. An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:    July 3, 2024

---

[6] McDaniels testified during his deposition that Shistle, Wilson, and Tilletski were personally involved in the alleged sexual assault, (see Doc. 39-2 at 11-13), but we dismissed his claims against Tilletski on January 13, 2023, (see Doc. 13), and he did not seek reconsideration of that order or otherwise seek to reinstate his claims against Tilletski.