IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRANDON MCDANIELS,** | : | CIVIL ACTION NO. 1:22-CV-1816 |
| **Plaintiff** | : | (Judge Conner) |
| v. | : | |
| **C/O STARK,** *et al.*, | : | |
| **Defendants** | : | |

### MEMORANDUM

This is a prisoner civil rights case filed pursuant to 42 U.S.C. § 1983. Plaintiff, Brandon McDaniels, alleges that defendant prison officials violated his civil rights by sexually assaulting him in 2022. The case will be dismissed *sua sponte* for McDaniels's failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**I.      Factual Background & Procedural History**

McDaniels filed this case on November 2, 2022. (Doc. 1). On December 13, 2022, the court dismissed the complaint without prejudice except to the extent that it asserted an excessive force claim against defendant Stark and granted McDaniels leave to file an amended complaint. (Docs. 9-10). McDaniels did so on January 11, 2023. (Doc. 11). On January 13, 2023, the court dismissed the amended complaint against all defendants other than Stark, Rasheed, Shistle, Wilson, Moskalis, O'Boyle, Austin, and Harrison. (Doc. 13). The remaining defendants moved for partial summary judgment on December 28, 2023. (Doc. 37).

The court granted defendants' motion for partial summary judgment on July 3, 2024, allowing the case to proceed solely as to plaintiff's sexual assault claim

against defendants Shistle and Wilson. (Docs. 42-43). The court directed the parties to file a joint status report indicating whether they wished to have the case referred to mediation. (Doc. 43). Defendants filed a status report on July 24, 2024, indicating that they were unable to contact plaintiff because he had been paroled and had not provided them with an updated address. (Doc. 45). On July 25, 2024, the court ordered McDaniels to update his address within fourteen days and warned that if he did not do so, he would be required to show cause why the case should not be dismissed for failure to prosecute. (Doc. 46). McDaniels did not respond, so on August 12, 2024, the court issued an order requiring plaintiff to show cause, on or before August 26, 2024, why the case should not be dismissed for failure to prosecute. (Doc. 47).

On September 6, 2024, the court's summary judgment ruling, order for McDaniels to update his address, and order to show cause were all returned to the court as undeliverable, with a notation on the return envelope indicating that he had been paroled and listing a forwarding address for him. (Doc. 48). The office of the Clerk of Court remailed the orders to McDaniels on that date. (Id.) More than two months have elapsed since these orders were remailed to McDaniels, and he has neither updated his address, responded to the order to show cause, or responded to the court in any other manner. The court has not received any correspondence from him since June 6, 2023.

**II.   Discussion**

Federal Rule of Civil Procedure 41(b) allows for the dismissal of an action for "failure of the plaintiff to prosecute or comply with these rules or order of court."

2

Fed. R. Civ. P. 41(b). When determining whether to dismiss a case for failure to prosecute under Rule 41(b), the court must balance the factors set forth in Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984). These factors include:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Id. at 868. Not all of the Poulis factors must be satisfied in order for a court to dismiss a complaint. See Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992).

We find that the first three Poulis factors weigh in favor of dismissing this case. First, because McDaniels is proceeding pro se, he is personally responsible for his failure to comply with the court's orders. Emerson v. Thiel Coll., 296 F.3d 184, 191 (3d Cir. 2002). Second, his failure to update his address causes prejudice to defendants by delaying resolution of the case. Manuel v. Harry, No. 1:20-CV-2309, 2021 WL 602723, at *2 (M.D. Pa. Feb. 16, 2021). Third, McDaniels has shown a history of dilatoriness by failing to comply with multiple orders requiring him to update his address. Id. This failure to comply with court orders demonstrates an intention to discontinue this litigation. Id.

The court finds that the fourth and fifth Poulis factors—whether plaintiff's conduct was willful or in bad faith and the effectiveness of sanctions other than dismissal—also weigh in favor of dismissal. First, his failure to abide by court orders demonstrates a willful disregard for procedural rules and court directives.

3

Second, because he has not communicated with the court in any manner since June 6, 2023, the court is without any viable alternative to dismissal.

The sixth factor, the meritoriousness of McDaniels's claim, weighs against dismissal. His remaining claim has proceeded past the summary judgment stage, demonstrating that his complaint has at least arguable merit.

Upon balancing the Poulis factors, we find that the first five Poulis factors outweigh the sixth factor and that dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) is warranted. In light of plaintiff's failures to comply with court orders and silence for over a year, we will dismiss this action with prejudice. See Hamer v. LivaNova Deutschland GmbH, 994 F.3d 173, 177 n.3 (3d Cir. 2021) (noting that "[d]istrict courts have authority under Rule 41(b) of the Federal Rules of Civil Procedure to dismiss claims with prejudice for failure to comply with a court order").

### III.  Conclusion

We will dismiss this case with prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:    November 15, 2024

4